UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ALEX A. DELROSARIO </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES OF AMERICA, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) C.A. No. 1:21-cv-00224-MSM-LDA </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the defendant, the United States of America's, Motion to Dismiss or, in the alternative, for Summary Judgment. (ECF No. 9.) The United States seeks dismissal of the plaintiff, Alex A. Delrosario's, Complaint because his administrative claim under the Federal Tort Claims Act ("FTCA") was untimely. The plaintiff, in turn, argues that the FTCA limitations period should be equitably tolled.

For the following reasons, the Court treats the United States' Motion as one for summary judgment and DENIES the same.

### I. BACKGROUND

The plaintiff alleges that on June 1, 2018, he was injured while a passenger in a vehicle that was struck by a United States Postal Service ("USPS") vehicle in Cranston, Rhode Island. On June 12, 2018, the Legal Administrator of the plaintiff's counsel's law firm ("plaintiff's firm") sent a letter to the USPS providing notice of the claim. (ECF No. 9-2.)

1

On June 18, 2018, the USPS Tort Claims Coordinator ("TCC") responded by letter to the plaintiff's firm. (ECF No. 9-3.) The TCC informed that claims against the USPS are governed by the FTCA and require a completed Standard Form 95 – Claim for Damage, Injury or Death ("SF 95"). *Id.* The TCC enclosed a blank SF 95 and advised that "[a] claim must be for a specific amount. That amount must be shown in the appropriate spaces[.]" *Id.* Further, the TCC pointed the plaintiff's firm to the instructions on the reverse side of the SF 95 which stated:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT … AN EXECUTED [SF 95] OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN**…. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

(ECF No. 9-4) (Emphasis in original.)

The SF 95 instructions further stated that "[f]ailure to specify a sum certain will render your claim invalid and may result in a forfeiture of your rights." *Id.*

On July 10, 2018, the plaintiff's firm sent a letter to the TCC, enclosing the SF 95. *Id.* But in the section requiring a total claim of damages, which also makes clear that "[f]ailure to specify may cause forfeiture of your rights," the plaintiff's counsel wrote "unknown at this time." *Id.*

The TCC responded by letter dated July 18, 2018, advising the plaintiff's firm that the "correspondence does not constitute a valid claim under the Federal Tort Claims Act because **it does not specify a sum certain**." (ECF No. 9-5) (Emphasis in original.) Further, the TCC advised that the claim must be "received by the agency within two years from the time such claim accrues." *Id.*

On July 25, 2018, plaintiff's firm wrote again to the TCC stating that the "sum certain" section was incomplete because the plaintiff was still treating and the extent of his damages were not yet known. (ECF No. 9-6.) The plaintiff's firm therefore asked: "Is it appropriate to send a claim upon the completion of treatment with all the medical documentation attached?" *Id.*

What happened next, according to an affidavit from the Legal Administrator of the plaintiff's firm, was an August 18, 2018, telephone conversation between her and the TCC. (ECF No. 15-4 ¶ 9.) During that call, the TCC stated that the Legal Administrator could submit the SF 95 when the plaintiff's final expenses were known and that "there would be no issue" with the FTCA's two-year deadline because "the initial notice to the USPS was deemed to have been received on June 12, 2018." *Id.*

The TCC, however, has presented a counter affidavit in which she acknowledges having a phone call with a representative from the plaintiff's firm, though does not have a specific memory of the conversation, but "would not have told anyone that a claim was deemed to have been received before the USPS received a valid claim"; that is, one with a sum certain. (ECF No. 17-1 ¶¶ 5, 7.) Further, she states, "I did not tell the representative that USPS considered the claim received on June 12, 2018," which would have contradicted her written letters. *Id.* ¶ 7.

The next contact between the parties was not until the USPS received a June 8, 2020, letter from the plaintiff's firm, over two years after the June 1, 2018, accident. (ECF No. 15-9.) This correspondence included a completed SF 95, setting forth the sum certain of damages of $2,910 and attached medical records. *Id.* This letter also

3

indicated that the plaintiff stopped treating on June 18, 2018, within weeks after the accident. *Id.*

The USPS denied the plaintiff's claim in a letter dated November 19, 2020, on the grounds that the claim was filed beyond the two-year limitations period. (ECF No. 9-9.) The plaintiff's firm responded, arguing that the claim was initiated upon first notice of the claim, on June 12, 2018. (ECF No. 9-10.) The USPS treated this as a request for reconsideration and denied the request via a letter dated March 11, 2021. (ECF No. 9-11.)

The plaintiff, represented now by a different law firm, filed suit in this Court on May 21, 2021. (ECF No. 1.)

The United States has filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the plaintiff's failure to exhaust administrative remedies or, in the alternative, a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 9.) The plaintiff has objected and, like the United States, has attached to its memorandum of law documents outside of the pleadings and an affidavit. The Court therefore treats the present Motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.,* 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." *Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir. 2000).

### III.   DISCUSSION

The FTCA is a limited waiver of the United States' sovereign immunity from liability for certain tortious acts and omissions of federal employees. *Holloway v. U.S.,* 845 F.3d 487, 489 (1st Cir. 2017); *Dynamic Image Technologies v. U.S.,* 221 F.3d 34, 39 (1st Cir. 2000). "A key FTCA requirement is that a person cannot sue under it unless he first presents his 'claim' to the relevant administrative agency 'within two years after such claim accrues'—failure to present a claim within that period 'forever bar[s] the claim." *Holloway,* 845 F.3d at 489 (quoting 28 U.S.C. § 2401(b)). Indeed, "[a]n essential element of a claim is 'notification of the incident,' via 'an executed' SF 95 or 'other written' document, 'accompanied by' a demand 'for money damages in a *sum certain.*'" *Id.* (quoting 28 C.F.R. § 14.2(a) (adding emphasis). The sum certain requirement allows the government to understand its potential liability and determine if "settlement would be in the interests of all." *Id.* at 489-90.

The FTCA must be strictly construed in favor of the government. *Carroll v. U.S.,* 661 F.3d 87, 94 (1st Cir. 2011). Nevertheless, its two-year limitations period is

5

non-jurisdictional and subject to equitable tolling, *U.S. v. Wong*, 575 U.S. 402, 420 (2015), and equitable estoppel, *Ramirez-Carlo v. U.S.*, 496 F.3d 41, 48 (1st Cir. 2007).

Here, as a preliminary matter, the FTCA permits only suits against the United States, and not, as the plaintiff has attempted here, against other individual parties. *See Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000) ("[T]he FTCA requires that the named defendant in an FTCA action be the United States and only the United States.") (citing 28 U.S.C. §§ 1346(b), 2674, 2679(a)).  The Court therefore dismisses Louis DeJoy (the United States Postmaster General) and Helen Poole (the driver of the USPS vehicle that allegedly struck the plaintiff's vehicle) and substitutes the United States as the sole defendant.

Turning to the issue of the claim's timeliness, the plaintiff does not dispute that he did not submit a claim with a sum certain of damages to the USPS within the two-year period as required under the FTCA.  But the plaintiff invokes the doctrine of equitable tolling, arguing that he should be excused from the limitations period because (1) he pursued his rights diligently but, due to extraordinary circumstances, he was prevented from brining the action in a timely manner and (2) that the USPS actively misled him regarding the tolling of the two-year limitations period.

The plaintiff refers only to the doctrine of equitable tolling but his second argument, alleging that he was actively misled, has shades of equitable estoppel, a doctrine that is "closely related, but distinct," and the two often are used by parties interchangeably. *See Ramirez-Carlo v. United States*, 496 F.3d 41, 48 (1st Cir. 2007). The Court will therefore proceed to consider the plaintiff's arguments under the

appropriate doctrines.

### A. Equitable Tolling

"The doctrine of equitable tolling suspends the running of the statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit." *Ramirez-Carlo*, 496 F.3d at 48. It also has been held that a limitations period can be equitably tolled if "some extraordinary circumstance prevents [a plaintiff] from bringing a timely action." *Cal. Pub. Emps. Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050 (2017). But this too requires a showing that a plaintiff pursued his or her rights diligently. *Pace v. Di Guglielmo*, 544 U.S. 408, 418 (2005).

The plaintiff argues that the COVID-19 pandemic qualified as an extraordinary event such that equity should excuse his attorneys for having filed his claim late. There is no doubt that the COVID-19 pandemic was (and is) extraordinary. Had the plaintiff become aware of the scope of his damages during or shortly before it, he would have better chances of being afforded equitable leeway. But he didn't. The plaintiff stopped treating for his alleged injuries on June 18, 2018, nearly 20 months before his attorney's office temporarily closed in March 2020 due to pandemic restrictions. Any party exercising reasonable diligence could have provided to the USPS the final piece of information necessary to make a claim—the sum certain of damages—within that 20-month period. Under these undisputed facts, the pandemic does not justify an equitable tolling of the limitations period.

B. Equitable Estoppel

The plaintiff's second argument, that the USPS misled him into believing the limitations period was satisfied, is properly analyzed under the doctrine of equitable estoppel. A party seeking to assert equitable estoppel "must demonstrate that (1) the party to be estopped made a 'definite misrepresentation of fact to another person having reason to believe that the other [would] rely upon it'; (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the 'reliance [was] reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading.'" *Ramirez-Carlo*, 496 F.3d at 49 (quoting *Heckler v. Community Health Services*, 467 U.S. 51, 59 (1984)). "In addition, a party seeking estoppel against the government must show that the government engaged in affirmative misconduct. 'Affirmative misconduct ... require[s] an affirmative misrepresentation or affirmative concealment of a material fact by the government, although it does not require that the government intend to mislead a party.'" *Id.* (internal citations omitted). This doctrine "is used sparingly against the government." *Holloway*, 845 F.3d at 492 n.5.

The August 18, 2018, phone call between the TCC and Legal Administrator of the plaintiff's counsel's firm, if it happened as the latter recalls, was a misrepresentation. It is not true that a FTCA claim is deemed made if it is not accompanied with a sum certain of damages. *Holloway*, 845 F.3d at 489. But the TCC denies that she ever made such a comment. So, whether there even *was* a misrepresentation is a question of the credibility of both parties to the conversation.

This Court cannot make credibility determinations or weigh evidence at the summary judgment stage. *Bautista Cayman Asset Co. v. Fountainebleu Plaza, S.E.*, 999 F.3d 33, 37 (1st Cir. 2021). Additionally, whether the plaintiff's counsel reasonably relied on this statement requires determinations of the trier of fact.

The United States, however, takes the position that even if the TCC's alleged statement was made it does not matter for this analysis. Specifically, it argues, the First Circuit's opinion in *Holloway*, 845 F.3d at 487, requires a finding that even if the plaintiff's narrative is to be credited, it is insufficient to estop the United States' timeliness defense. In *Holloway*, the plaintiff's estoppel argument was that, despite his providing a sum certain after the expiry of the limitations period, the government agency misled him into thinking that its investigatory needs were satisfied and thus it should not have been able to seek dismissal on timeliness grounds. *Id.* at 492. The Court held, however, that the plaintiff made no effort to either explain how the government agency implied its investigatory needs were met or how "his theory about being misled can fly given the clarity of the SF 95" requirement of a timely sum certain and First Circuit caselaw expounding on the importance of this requirement. *Id.*

But here, the plaintiff provides more than an unsupported alleged implication. He presents an affidavit of an employee of his attorney's law firm who claims that the TCC told her that the limitations period was satisfied because notice of the claim (albeit no sum certain) was presented well within the two-year requirement. Yes, this statement if it happened, contradicts the SF 95 form and established law. But

9

on the other hand, the TCC allegedly made the statement in seeming response to an inquiry from plaintiff's counsel's office on how to proceed.  Such an action could meet the equitable estoppel requirements.

This matter therefore is distinguishable from *Holloway*, 845 F.3d at 487.  The question of whether the United States may be equitably estopped from asserting a timeliness defense involves genuine issues of material fact that cannot be resolved by the Court at this juncture.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES the United States' Motion for Summary Judgment (ECF No. 9).  In addition, in compliance with the FTCA, the Court dismisses the individual defendants, Louis DeJoy and Helen Poole, and substitutes the United States of America as defendant.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date:  December 9, 2021